MATTER OF VILLAGOMEZ-GASCA

In EXCLUSION Proceedings

A-13114857

*Decided by Board April 5, 1963*

Since the permission to reapply granted appellant, a previously-deported Mexican alien, under the provisions of 8 CFR 214k.7 at the time he was recontracted as an agricultural laborer in September 1955, was unlimited and applied to future entries no matter what their nature, he did not require permission to reapply at the time of his application for an immigrant visa in 1962; therefore, the concealment of his prior deportations was not a material misrepresentation since the line of inquiry cut off by the misrepresentation would not have resulted in a proper determination that he was excludable. [See *Matter of Alvarez-Mujica*, Int. Dec. No. 1354.]

EXCLUDABLE: Act of 1952—Section 212(a)(19) [8 U.S.C. 1182(a)(19)]—Visa procured by fraud.


The Officer in Charge, San Ysidro, California, appeals from the order of the special inquiry officer authorizing the applicant's admission to the United States when in possession of proper documents. The issue is whether applicant's failure to reveal to the American Consul when he applied for a visa that he had been deported was a material misrepresentation. The appeal will be dismissed.

Applicant, a 40-year-old married male, native and national of Mexico, had been deported from the United States in 1946, 1947 and 1949. On May 31, 1955 while he was illegally in the United States, he was given a contract as an agricultural worker at El Centro, California. Upon the expiration date of the contract on September 1, 1955 it was renewed and except for intervals totaling about a year and a half applicant was employed as a contract agricultural worker until December 27, 1961. On May 28, 1962, applicant secured a nonquota immigrant visa from an American Consul in Mexico; he was admitted for permanent residence on June 4, 1962. Since admission, applicant has commuted daily from his home in Mexico to his employment in the United States.

In his application for a visa, the applicant did not reveal he had been arrested and deported from the United States. His explanation

is that the man to whom he had gone for help in filling out the forms told him that since he could not recall the exact dates of the deportations he should not give any information concerning them. The Service charges that the applicant secured his visa by fraud in that he failed to reveal that he was inadmissible to the United States because he did not have permission to reapply although he had been deported. The special inquiry officer ruled that the applicant had not needed permission to reapply because he had been the beneficiary of a blanket permission to reapply which had been granted to persons admitted as agricultural workers. The special inquiry officer held that the misrepresentations was not a material one. The Officer in Charge, in his appeal, contends that the blanket permission had given applicant the right to reapply only if he came as an agricultural worker (or some other temporary status), and if he came as an immigrant he still needed permission to reapply for admission after arrest and deportation. Furthermore, the Officer in Charge contends that a *grant* of permission to reapply was never made, for the existing disability was merely *waived* under section 212(d)(3) of the Immigration and Nationality Act, 8 U.S.C. 1182(d)(3). The Officer in Charge further contends that the misrepresentation is material even if the applicant did not need permission to reapply, for the misrepresentation cut off a relevant line of inquiry which might have resulted in a proper determination that he was excludable.

We must dismiss the appeal. We find that a grant of permission to reapply rather than a waiver has been made, that the grant once given applied to future entries no matter what their natures, and that when applicant applied for a visa, he did not need permission to reapply. We conclude that no material misrepresentation existed because the line of inquiry cut off by the misrepresentation would not have resulted in a proper determination that the applicant was excludable.

That the applicant was the beneficiary of a blanket grant of permission to reapply rather than of a temporary waiver of a ground of inadmissibility is based upon both the conclusions reached when laws prior to the Immigration and Nationality Act were construed and the language of the grant. Prior to the Immigration and Nationality Act, the authority to *grant* permission to reapply was contained in sections 3 and 23 of the Act of February 5, 1917 and section 1, Act of March 4, 1929;[1] authority to *waive* a ground of inadmissibility for one desiring to enter for temporary purposes was found in section 3, ninth proviso, Act of February 5, 1917.[2] At one time agricultural workers who did

---

[1] Now section 212(a)(17) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(17).

[2] Now section 212(d)(3) of the Immigration and Nationality Act. 8 U.S.C. 1182(d)(3).

not have permission to reapply were admitted under the ninth proviso to section 3 of the Act of February 5, 1917 despite the failure to have permission to reapply (*Matter of R—L—*, 1 I. & N. Dec. 624 (1943); however, later, and just prior to the Immigration and Nationality Act, the regulations were changed to read as follows:

> *Previous deportation; permission to reapply.* An alien who established that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously excluded or arrested and deported on not more than one occasion solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States: *Provided,* That in the case of such an alien who has been arrested and deported, such permission to reapply shall not become effective unless and until the alien has resided outside the United States for at least one year after deportation. [The proviso merely restates the prohibition contained in law.] (8 CFR 115.7, 16 F.R. 7348, July 27, 1951)

We construed this regulation as a grant of permission to reapply for all purposes including immigration to the United States.[3] The substance of this regulation was put in 8 CFR 475.7 in 1952 and was in effect when applicant was admitted to the United States as a contract laborer on May 31, 1955. The regulation read as follows:

> *Previous removal, deportation; permission to reapply.* An alien who established that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously removed at Government expense pursuant to section 242(b) of the Immigration and Nationality Act, or excluded or arrested and deported, on not more than one occasion solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States as an agricultural worker. (17 F.R. 11562, December 19, 1952)

This grant of permission to reapply did not attach to the applicant since he had been arrested and deported on more than one occasion.

Applicant recontracted on September 1, 1955. At this time the provisions of 8 CFR 214k.7 applied; it read as follows:

> *Previous removal, deportation; permission to reapply.* An alien who establishes that he is in all respects entitled to admission as an agricultural worker under the provisions of this part, except that he has been previously removed at Government expense pursuant to section 242(b) of the act or excluded or arrested and deported solely because of illegal entry or absence of required documents, is hereby granted permission to reapply for admission to the United States as an agricultural worker. (17 F.R. 11562, December 19, 1952 amended, 20 F.R. 5964, August 17, 1955, redesignated 20 F.R. 6380, August 31, 1955)

This is the provision which the special inquiry officer ruled was a grant of permission to reapply valid for all purposes and unlimited in effect.

We believe the relief granted by 8 CFR 214k.7 is a grant of per-

---

[3] It had also been settled since March 10, 1948 that permission to reapply must be granted outright or denied, and that where permission to reapply had been granted, an attempted limitation was ineffective.

mission to reapply under section 212(a)(17) of the Act rather than a waiver under section 212(d)(3) of the Act. The language upon its face purports to grant outright relief rather than a waiver of a ground of inadmissibility and is substantially similar to other blanket grants of permission to reapply.[4] The Board as well as the alien is bound by the apparent meaning of the language of the regulations. The language of the blanket grant is to be contrasted with language used when a waiver was intended. For example, we note that when a waiver was intended by the regulations, the regulations specifically state that section 212(d)(3) of the Act is being invoked and that the ground of inadmissibility concerned is "waived."[5] Finally, we find it significant that on November 28, 1957 the pertinent regulation was amended to grant to an agricultural laborer a *waiver* of the ground of inadmissibility arising out of lack of permission to reapply following a deportation.[6]

The language of the regulations in effect at the time the applicant was recontracted in September 1955 constituted an unambiguous blanket grant of permission to reapply to eligible aliens who sought to enter as agricultural workers. Applicant was an eligible applicant, he sought to enter as an agricultural worker; the grant therefore attached to him and could not be qualified in any way.

We must now consider the fact that applicant failed to reveal the truth concerning his deportations when he applied for a visa. This concealment was done on the advice of a person to whom applicant had gone for help in filling out his preliminary application. This

---

[4] * * * Permission to reapply is granted in the case of a person who was deported from the United States prior to March 1, 1959, and on March 1, 1959, and at the time of his application for a visa, or at the time of application for admission if a visa is not required, has a parent, spouse, or child who is a United States citizen or an alien lawfully admitted to the United States for permanent residence, except that this grant of permission to reapply shall not be regarded as a waiver of grounds of excludability as provided in section 5 or 7 of the Act of September 11, 1957. (8 CFR 212.2, 24 F.R. 1460, February 27, 1959)

[5] Pursuant to the authority contained in section 212(d)(3) of the Immigration and Nationality Act, a ground of inadmissibility contained in section 212(a)(24) of the act is waived in the case of an alien, otherwise admissible under the immigration laws, who is in possession of appropriate documents or has been granted a waiver thereof and is seeking admission to the United States as a nonimmigrant (18 F.R. 3528, June 19, 1953, 8 CFR 212.8(b)).

[6] *Previous removal, deportation; permission to reapply.* Pursuant to the authority contained in section 212(d)(3) of the act, the bar to admissibility contained in paragraph (16) or (17) of section 212(a) of the act is hereby waived for an alien who establishes that he is otherwise admissible as an agricultural worker under the provisions of this part, except for his previous removal or deportation because of entry without inspection or lack of required documents (22 F.R. 9518, November 28, 1957, 8 CFR 214k.7).

advice was given to applicant after the applicant had revealed that he was confused as to the dates of the deportation. Both applicant and the scribe appear to have been convinced that the failure to know the exact dates was a serious matter. While we do not condone applicant's failure to reveal the truth, the fact is that he was admissible at the time he applied for the visa. The applicant has made an unrefuted showing that he was eligible to enter. Applicant has no arrest record. He has been steadily employed in the United States for many years and was regularly found worthy of being rehired as an agricultural laborer. We believe the applicant has established that inquiry would not have revealed any reasonable ground for the proper denial of the visa.

The appeal of the Officer in Charge will be dismissed.

**ORDER:** It is ordered that the appeal of the Officer in Charge be and the same is hereby dismissed.